UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TRAVIS DAVIS,

    Plaintiff,

v.      CAUSE NO.: 3:19-CV-621-PPS-MGG

MARSHALL CO. JAIL, et al.,

    Defendants.

OPINION AND ORDER

Travis Davis, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citation omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Davis alleges that beginning on July 17, 2019, Sheriff Matt Hassel authorized Sergeant Bo Holcomb to place him in an overcrowded cell, which has made it difficult for him to leave his bed and has forced him to eat on a toilet instead of a table. Because Davis is a pretrial detainee, I must assess his claims under the

Fourteenth Amendment instead of the Eighth Amendment. *See Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Id.* (quotation omitted). "A pretrial condition can amount to punishment in two ways: first, if it is imposed for the purpose of punishment, or second, if the condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment." *Id.* (quotation omitted). A pretrial detainee can "prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473-74 (2015). Giving him the favorable inferences to which he is entitled at this stage of the proceedings, Davis states a plausible Fourteenth Amendment claim against Sheriff Hassel and Bo Holcomb. However, he may not proceed against the Marshall County Jail. The jail is a building, not an individual or even a policy-making unit of government that can be sued pursuant to 42 U.S.C. § 1983. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011).

For these reasons, the court:

(1) GRANTS Travis Davis leave to proceed on a Fourteenth Amendment claim for money damages against Sheriff Hassel and Sergeant Holcomb for subjecting him to overcrowded conditions on July 17, 2019;

(2) DIMISSES the Marshall County Jail;

2

(3) DISMISSES all other claims;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Sheriff Hassel and Sergeant Holcomb at the Marshall County Jail with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Sheriff Hassel and Sergeant Holcomb to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Travis Davis has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: April 9, 2020.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT